NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0828n.06
Filed: December 6, 2007

No. 07-1292

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BETH ELLEN SCHULZ, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| HOPE NETWORK REHABILITATION | ) | WESTERN DISTRICT OF MICHIGAN |
| SERVICES, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and COLE, Circuit Judges; COLLIER,[*] District Judge.

**PER CURIAM.** In this appeal from an order granting summary judgment to the defendant, Hope Network Rehabilitation Services, plaintiff Beth Ellen Schulz seeks to overturn the district court's ruling that *res judicata* bars her federal claims because those claims could have been resolved in a state court action Schulz filed in June 2005, after the defendant terminated her seven-week employment at one of its facilities. The state action, in which the plaintiff alleged breach of contract and violation of the Michigan Whistleblower's Protection Act, M.C.L. 15.361, was settled for monetary damages totaling $45,000 and resulted in a final judgment in the plaintiff's favor in June 2006.

---

[*]The Hon. Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

Meanwhile, in March 2006 Schulz filed this suit in federal court, alleging violations of Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and the Equal Pay Act, 29 U.S.C. § 206(d). In response to the defendant's motion for summary judgment based on claim preclusion, the plaintiff argued that the timing of receipt of her Equal Employment Opportunity Commission right-to-sue letter in December 2005 prevented her from including her federal claims in the state court action. The district court, correctly applying Michigan state law to determine the question of claim preclusion, held that the federal claims arose from the same transaction as the state claims, that the plaintiff's state action could have been amended to include the federal claims, and that the timing of the right-to-sue letter did not, in fact, prevent the joinder of all the claims in the state action.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion dated January 31, 2007.